# Clark, Appellant, *v.* Armstrong County Coal Company.

*Mines and mining—Sale of coal—Reservation of coal under
buildings—Exercise of right to reserve.*

Where the owner of coal underlying a large acreage, conveys the
right to mine all the coal underlying the entire tract with royalties
to be paid to him as the coal is mined, but reserves "the right to
retain three acres in one body underneath the buildings now
erected on the land, if desired, said three acres to be located and
designated" by himself, such provision does not constitute the three
acres of coal under the buildings an absolute exception out of the
grant; but the grantor is bound to locate the coal so reserved, if

522 CLARK, Appellant, v. ARMSTRONG CO. COAL CO.

desired, and give notice within a reasonable time to the lessee. If he never gives such notice, and permits the coal to be mined under the three acres, and accepts the royalties therefor, he cannot after the expiration of nine or ten years after the lease was executed, maintain an action for damages either for the removal of the coal, or for the use and occupation of the entries or ways under the three acres.

Argued May 11, 1915. Appeal, No. 166, April T., 1915, by plaintiff, from judgment of C. P. Armstrong Co., March T., 1914, No. 103, for defendant non obstante veredicto in case of James D. Clark v. Armstrong County Coal Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass for an alleged wrongful mining of coal and use of ways and entries.

At the trial the jury returned a verdict for plaintiff for six and one-fourth cents damages.

On a rule for judgment n. o. v., KING, P. J., filed the following opinion:

W. J. Steele, being the owner of five hundred acres of land in Gilpin Township, Armstrong County, Pa., on the 25th day of November, A. D. 1896, made and entered into a written article of agreement letting and leasing unto Joseph G. Beale, his heirs and assigns, all of the coal underlying the same, with the usual exclusive rights of mining and removal, upon a royalty basis or consideration of five cents for each ton of 2,000 pounds mined and removed from said land. This article of agreement contained inter alia the following clause:

"Reserving, however, the right to retain three acres in one body underneath the buildings now erected on the land if desired, said three acres to be located and designated by the first party hereto."

Also the following clause appearing further down in said contract:

"And not in any way to be liable for any injury done

to the surface of said land, including springs and buildings, resulting from the mining or removing of all the coal underlying said farm (except the three acres reserved)."

This article of agreement, having been duly executed by the parties, was recorded in Armstrong County on September 17, 1900, in Deed Book, Vol. CI, page 175, and mining operations were begun and carried on in pursuance thereof by said Beale until about 1910, when he was adjudged a bankrupt, thereafter by Joseph G. Beale & Company, incorporated, until about January 12, 1913, when the present defendant company, the Armstrong County Coal Company, became the owner and undertook the mining of said coal, and were so engaged at and prior to the inception of this case.

Subsequently to the execution of the above contract for the sale of said coal to Beale, to wit, on the 12th day of January, A. D. 1907, W. J. Steele, by deed of conveyance duly executed and recorded, sold and conveyed to James D. Clark, the plaintiff in this case, a part of the said 500-acres tract, containing a brick house, a barn and other farm buildings. Clark went into possession the following March. This deed contained inter alia the following provision:

"Excepting and reserving out of and from this grant and conveyance all of the coal in and underneath the above described tract of land (save three acres of the said coal surrounding and underneath the farm buildings now erected on said premises, which three acres of coal are not excepted herefrom, but are included in this grant), together with the mining rights and privileges contained in the article of agreement made between the present grantor and Joseph G. Beale, dated November 25, 1896, and recorded in Armstrong County, Pennsylvania, in Deed Book, Vol. CI, page 175......Together with all the rights, privileges and incidents reserved by the grantor touching and concerning the three acres of coal underneath the farm buildings in and by his article

of agreement aforesaid with Joseph G. Beale.   To have and to hold said tract of land subject to the exceptions and reservations herein above contained, and also subject to the aforesaid rights of way, containing 104 acres and 120 rods."

The evidence in the case clearly shows that all of the coal under the three acres above mentioned was mined out and removed by Joseph G. Beale before January 1, 1907, and before the conveyance by Steele to Clark.

Upon the trial of the case the plaintiff abandoned the claim to recover damages for the coal mined out from under said three acres but insisted and claimed damages for the user and occupation of the entries, or ways, by the defendant company, where the coal had been mined out under said three acres, alleging that such user and occupation was an invasion of plaintiff's property rights and therefore a trespass.   It was clearly proved that the defendant company had used said entries or mined out ways, in hauling out coal mined further back in the farm, and that at least one of these ways so used was directly underneath the dwelling house of plaintiff.

At the close of the testimony, the plaintiff and the defendant each presented a written request for binding instructions.   The court affirmed plaintiff's request and directed the jury to find a verdict in favor of the plaintiff for nominal damages—six and one-fourth cents—which verdict was so returned by the jury.   We have now before us a motion for judgment n. o. v. and if not allowed, that a new trial be granted.

The controversy in this case arises out of that clause in the article of agreement between Steele and Joseph G. Beale, first above quoted.   The plaintiff contends that thereby Steele excepted out of and from the sale to Beale the three acres of coal surrounding and underneath the farm buildings, while the defendant contends that the language used, at most, amounts only to a reservation of a personal right or privilege, never perfected by Steele by act or deed, but waived and relinquished by him.

We were inclined at the trial to take a broad view of the language used in said clause, believing that it was the intention of the parties to the contract, especially of Mr. Steele, to except the three acres of coal for the purpose of affording support for the surface upon which were his buildings. This is a very common precaution taken by vendors of coal, and such provision is usually found inserted in the article of agreement or conveyance. The language here used, however, is peculiar:

"Reserving, however, the right to retain......'if desired'......said three acres to be located and designated by the first party hereto."

It is conceded on all sides that Steele never did locate or designate the three acres by survey or marks on the ground or in any other way. There is no evidence, whatsoever that he ever expressed any desire, verbal or written, or by acts in pais, after the execution of said article of agreement, to retain, keep or hold title or possession of said three acres of coal, excepting as referred to in the exception contained in deed of Steele to Clark above quoted. On the other hand, Joseph G. Beale, the vendee, testifies on page 57 (notes of testimony) : "I told Mr. Steele at one time, after I had been working the coal for a while, I told him I wanted to drive an entry through that ground where he had spoke of reserving, and he said all right, just go on and drive it."

If Mr. Steele had designated, by act or deed, the location of the said three acres, in some way so as to identify the same, that fact would have evinced or manifested a desire on his part to hold, retain and have the same. If he had expressed verbally or in writing his desire to do so, that would have been sufficient. The words "if desired" certainly mean something in the connection used. The ordinary meaning of these words, is, to wish for or want the possession, ownership, or enjoyment of a thing; they imply an asking, a notice, a request, the expression of an intention to hold, to keep, to retain.

If, as contended by plaintiff, this was an exception, it

was at most, in its broadest sense, a limited or conditional exception depending upon some act, word or conduct of Mr. Steele to perfect it—and this within a reasonable time. In the absence of which the only natural and reasonable conclusion to be drawn, is that he did not want to retain title to said three acres and was content that it pass, as did all the other of his coal, to his vendee. For eleven years prior to his sale to the plaintiff he said and did nothing to assert his ownership or title, and then for six or seven years more—up to the time of bringing this action and the trial—he still maintained silence so far as the vendee of the coal, his successors and assigns, were concerned. This must be taken to be an abandonment of all claim of title or right to same and a vesting or passing of the title to said three acres to his vendee, Joseph G. Beale, his successors and assigns.

. That there may be a limitation upon an exception is decided in numerous cases: Waugh v. Waugh, 84 Pa. 350; Cable v. Cable, 146 Pa. 451; Smith v. Messinger, 7 North. 408.

Uncertainty of location can only be cured by grantor's election within a reasonable time, followed by acts in pais: Cyc—Vol. XIII, page 679.

If we hold the said language to be a reservation, the result would be exactly the same, at most, only a conditional reservation, depending on the act, word or deed of Steele to perfect it. As we have shown, Mr. Steele did not see fit to retain title, by any act of his whatsoever, as indicative of his desire, evidently in contemplation at the time of making the article of agreement and evidenced by the words "if desired." If he intended to do so, he should have acted within a reasonable time. He did not do so, hence must be held to have abandoned his right to the three acres of coal which then passed, as the other and great body thereof passed, to his vendee, Joseph G. Beale, his successors and assigns.

We think, therefore, that we erred in affirming plaintiff's point for binding instructions and in directing a

verdict for plaintiff, but that the same should have been refused and defendant's third point, to wit: "Under all of the evidence in the case, the verdict must be for the defendant," should have been affirmed.

And now, February 1, 1915, a new trial is refused and rule to show cause is dismissed. Same day rule for judgment non obstante veredicto is made absolute, and it is ordered and directed that the evidence taken upon the trial, the charge of the court, the points and answers thereto, together with exceptions to the admission or rejection of evidence and all exceptions taken in the case, be so filed as to become part of the record, and judgment is now entered, non obstante veredicto, in favor of the defendant, the Armstrong County Coal Company.

*Error assigned* was in entering judgment for defendant n. o. v.

*Harry C. Golden,* with him *R. A. McCullough* and *Ward McCullough,* for appellant, cited: Whitaker v. Brown, 46 Pa. 197; Bicking v. Florey's Brick Works, 53 Pa. Superior Ct. 358; Huss v. Jacobs, 210 Pa. 145; Sloan v. Philadelphia & Reading Ry. Co., 231 Pa. 332; Stambaugh v. Hollabaugh, 10 S. & R. 356; Sergeant v. Ford, 2 W. & S. 122.

*D. B. Taylor,* with him *Floy C. Jones,* for appellee, cited: Whitaker v. Brown, 46 Pa. 197; Mannerback v. Penna. R. R. Co., 16 Pa. Superior Ct. 622; Metropolitan Exhibition Co. v. Ewing, 7 L. R. A. 381.

OPINION BY PORTER, J., December 20, 1915:

The opinion of Judge KING, of the court below, which will appear in the report of this case, renders unnecessary any extended discussion of the question presented. The written agreement, dated November 25, 1896, between W. J. Steele, the former owner of the land, including the coal, and Joseph G. Beale, defendant's predeces-

sor in title, vested in the latter, his heirs and assigns, the exclusive right to mine all the coal underlying the tract of five hundred acres, and required him to pay for it, as mined, five cents for each ton of two thousand pounds removed. The agreement contained the usual covenants requiring the lessee of the coal to so conduct his operations that the minimum of royalty should equal a certain specified sum, and provided that the lease should remain in force until all the coal was mined and the pillars and ribs drawn.

The lease contained the following covenants, the construction of which is involved in the present litigation. "Reserving (to the lessor) however, the right to retain three acres in one body underneath the buildings now erected on the land, if desired. Said three acres to be located and designated by the first party hereto." This provision did not constitute the three acres of coal under the buildings an absolute exception out of the grant. The right which the lessor thus reserved to himself was the right to retain the three acres of coal in question if at some time in the future he desired to do so. It was thus left in the power of the lessor to exercise an option. He could either retain the three acres of coal, or he could require the lessee to mine that coal and pay for it at the rate fixed by the covenants of the agreement. If he finally concluded that it was his desire that the three acres should remain untouched, then under this covenant he was bound to designate the boundaries of the coal so reserved and give notice within a reasonable time to the lessee. Steele never did notify the lessee that he desired to retain the three acres of coal in question, and never made any attempt to designate any coal which he wished to retain, under this covenant. The mining operations progressed about nine or ten years after the lease had been executed the three acres of coal under the buildings was mined out, and as part of the general operations of the mine gangways were established through which the

coal under the more remote parts of the tract has for years been transported to the pit mouth.

Steele having permitted the coal to be mined out and received the royalty for the coal so removed, his right to retain any coal in question was, under the terms of the covenant above quoted, at an end. Beale and those who have succeeded to his title were free to use the three acres under the buildings in the same manner in which they used the entries and gangways in the other parts of the mine. The three acres of coal had been mined out before this plaintiff acquired any interest in the property and long before the defendant had anything to do with the mining operations. There was no error in the action of the court below in entering judgment for the defendant non obstante veredicto.

The judgment is affirmed.